
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE PAINTERS
UNION DEPOSIT FUND, a Voluntary
unincorporated trust,

    Plaintiff,

vs.

G.P. FINE FINISH DRYWALL, INC., a
Michigan corporation and GARY PLATER,
Individually, jointly and severally,

    Defendants.

Case No. 2:13-cv-10400-GAD-MKM
Honorable Gershwin A. Drain
Magistrate Judge Mona K. Majzoub

_____

FINKEL WHITEFIELD SELIK
RICHARD M. SELIK (P24276)
STEPHEN D. KURSMAN (P37902)
Attorneys for Plaintiff
32300 Northwestern Highway, Suite 200
Farmington Hills, MI 48334-1567
248/855-6500
_____

## **CONSENT JUDGMENT**

    The parties hereto being mutually desirous of disposing of the issues raised by this suit without further litigation, and having entered into an agreement with one another as to settlement of said issues, pursuant to said agreement, Plaintiff and Defendants are willing to consent, and do consent, to the entry of the following judgment, the provisions of which shall bind Plaintiff and Defendants and their successors.

    The Court being fully advised in the premises and having considered the desirability of disposing of the matters contained herein by means of this Consent

1

Judgment does order, adjudge and decree that the following judgment be, and the same is, entered by the Court in this matter:

1. IT IS HEREBY ORDERED that Plaintiff recover from Defendants, G.P. Fine Finish Drywall, Inc. and Gary Plater (hereinafter "Defendants"), individually, jointly and severally, the total sum of $40,165.46 for unpaid fringe benefit contributions and liquidated damages (consisting of $33,471.22 in fringe benefit contributions plus $6,694.24 in liquidated damages) due to Plaintiff for the period of April 1, 2011 through December 31, 2012.

2. IT IS FURTHER ORDERED that Defendants shall pay the amount due under paragraph one of this Consent Judgment to Plaintiff in accordance with the following schedule:

> (a) So long as: (i) Defendants remain current in delivering their monthly payments to Plaintiff which are required under the October 4, 2010 Consent Judgment entered against Defendants and in favor of Plaintiff in this court in case no. 2:10-cv-10365 (the "2010 Consent Judgment"); and (ii) Defendants timely deliver payment of their current fringe benefit contribution obligations owed to Plaintiff pursuant to the current and all future collective bargaining agreements entered into between Defendants and Painters District Council No. 22, then no payments shall be required under the Consent Judgment entered in this case ("Consent Judgment") until the earlier of November 1, 2015, or the first of the month following the month in which the 2010 consent judgment is fully paid, whichever is earlier.
>
> (b) If Defendants fail to strictly comply with the conditions imposed for payment as stated in Paragraph (a) immediately above, time being of the essence, then the entire amount awarded under this Consent Judgment shall become immediately due and payable.
>
> (c) If Defendants have strictly complied with the conditions imposed for payment as stated in Paragraph (a) above, then

>Defendants shall pay this Consent Judgment in the following manner: Defendants shall pay to Plaintiff the sum of One Thousand Dollars ($1,000.00) per month beginning on the earlier date of November 1, 2015, or the first of the month immediately following the month in which the 2010 consent judgment is fully paid and continuing on the 1st day of each month thereafter, time being of the essence, until the full amount awarded to Plaintiff under this Consent Judgment is paid.

3.  IT IS FURTHER ORDERED that all payments due under this Consent Judgment shall be made payable to Plaintiff **and delivered** on or before the due date to: Finkel Whitefield Selik, 32300 Northwestern Highway, Farmington Hills, MI 48334-1567, Attention: Stephen D. Kursman.  **In order for the payment to be timely received by Plaintiff, it must be delivered (not deposited in the mail) on or before the due date.**

4.  IT IS FURTHER ORDERED that, during the time in which Defendants are making periodic payments under the 2010 Consent Judgment or this Consent Judgment, Defendants shall timely pay all current fringe benefit contributions owed to Plaintiff pursuant to any collective bargaining agreement between Defendants and Painters District Council No. 22.

5.  IT IS FURTHER ORDERED that judgment interest shall not be added to the amounts due hereunder provided Defendants adhere to the schedule of payments contained herein.  If Defendants fail to pay the periodic payments required hereunder, judgment interest at the rate provided by statute on the date of entry of this Consent Judgment shall accrue on any unpaid balance.

6.  IT IS FURTHER ORDERED that so long as all payments required under **paragraphs two and four** above are made on or before their respective due dates, time being of the essence, then Plaintiff shall withhold from proceedings supplementary to

judgment for purposes of collecting the amount due hereunder. In the event that Defendants fail to make any required payments due hereunder, Plaintiff may enforce this Consent Judgment through supplementary proceedings without seeking modification of the terms hereof by the Court and without further notice to any Defendant. Nothing contained herein shall prevent Plaintiff from taking whatever action it deems appropriate, at any time and without prior notice to Defendants, to collect the current monthly fringe benefit contributions due on a monthly basis as set forth in Paragraph four above.

      7.    IT IS FURTHER ORDERED that, upon full compliance with the provisions of this Consent Judgment, all attorney fees, interest, and court costs which may be charged to Defendants under 29 USC 1132(g)(2)(D) shall be deemed waived.

      8.    IT IS FURTHER ORDERED that upon receipt of full payment and Defendants' full compliance with the provisions of this Consent Judgment, Plaintiff will file a satisfaction of this Consent Judgment with the Court and, upon request by Defendants and preparation of the appropriate pleadings, Plaintiff shall further stipulate to set aside this Consent Judgment.

Dated: February 8, 2013                    /s/Gershwin A Drain

                                                    U.S. DISTRICT COURT JUDGE

Approved as to form and substance.
Notice of entry waived.

**FINKEL WHITEFIELD SELIK**

/s/ Stephen D. Kursman
Stephen D. Kursman (P37902)
Attorneys for Plaintiff
Dated:   February 5, 2013

**G.P. FINE FINISH DRYWALL, INC.**

By: /s/ Gary Plater_____
      Gary Plater, Its President
Dated:   February 4, 2013


/s/ Gary Plater_____
**Gary Plater, Individually and Personally**
Dated:   February 4, 2013

S:\61025.375\2013 CASE\CONSENT JUDGMENT.DOCX